OPINION OF THE COURT
William A. Walsh, Jr., J.
Plaintiff moves to strike the answer of defendants Jack-owe and for summary judgment. Defendants Jackowe cross-move to dismiss the complaint and for summary judgment. Defendant General Tire & Rubber Co., Inc., cross-moves to strike the answer of defendants Jackowe and for. summary judgment in its favor against the cross-moving defendants and plaintiff.
Plaintiff was the insurer of Knolls Ambulance Service on December 30,1976, under a commercial automobile liability policy containing an additional personal injury protection indorsement, which required the insurer to pay first-party benefits for economic loss sustained as the result of an accident. The insurer was subrogated to the extent of economic loss payments made.
On that date, defendants Isidore and Martin J. Jackowe sustained personal injuries while riding in and operating a motor vehicle owned by Knolls Ambulance Service as the *243 result of the failure of a tire manufactured by defendant General Tire & Rubber Co., Inc.
As a consequence of the accident, plaintiff paid the injured defendants a total of $107,899.14 in no-fault insurance benefits under the Knolls Ambulance Service policy.
Defendants Jackowe commenced an action against General Tire & Rubber Co., Inc., on or about June 29, 1977. The complaint, inter alla, sought damages for personal injuries including hospital expenses, medical care and loss of employment earnings for each of the injured parties. Causes of action for loss of services were pleaded by the spouses of the injured parties.
The action proceeded to trial in September, 1980, and was settled pursuant to stipulation on September 16,1980. According to that stipulation defendants Jackowe received $200,000 in settlement of the personal injury and loss of service causes of action; such settlement was subject to any lien claimed by the insurer for no-fault benefits; and the sum of $106,000 was to be held in escrow in an interest-bearing account with respect to the insurer’s claimed lien until judicial settlement of that lien. The settlement record reflects the claim of defendants Jackowe that the settlement was for pain and suffering only and that, since no proof of economic loss in the nature of medical expenses or loss of earnings was offered on the trial, claims relating thereto were not included in the settlement. It was the position of General Tire & Rubber Co., Inc., that the complaint sought damages for economic loss as well as pain and suffering and, therefore, all claims made were included within the settlement agreement.
Subdivision 2 of section 673 of the Insurance Law provides that in any action for personal injuries brought by a person covered by no-fault insurance against a noncovered person and arising out of the operation and use of a motor vehicle, the insurer which paid first-party benefits on account of such injuries “shall have” a lien against any recovery to the extent of benefits paid to covered persons.
Isidore and Martin J. Jackowe were covered persons under subdivision 2 of section 673 of the Insurance Law and General Tire & Rubber Co., Inc., was the noncovered *244 party sued in an action for personal injuries, encompassing pain and suffering and economic loss, which arose out of the use or operation of a motor vehicle. Plaintiff herein is the insurer which paid first-party benefits for the personal injuries sustained in that accident by the covered persons.
Subdivision 2 of section 671 of the Insurance Law defines first-party benefits as “payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle”. Basic economic loss includes necessary expenses for medical and hospital services and loss of earnings (Insurance Law, § 671, subd 1, pars [a], [b]).
It has been held that the term “personal injuries” used in the settlement of an action involving the use and operation of a motor vehicle does not include basic economic loss in a case where the complaint seeks damages for pain arid suffering only. Consequently, an insurer’s lien for first-party benefits is not affected by the settlement (Record v Royal Globe Ins. Co., 83 AD2d 154; Government Employees Ins. Co. v Halfpenny, 103 Misc 2d 128).
However, in the settlement of an action for pain, suffering and personal injuries, the insurer which had paid first-party benefits had the right of subrogation in the sum received through settlement equal to the amount paid by the insurer (Kozlowski v Briggs Leasing Corp., 96 Misc 2d 337).
In the underlying tort action instituted by the Jackowes, an unlimited general release was given to General Tire & Rubber Co., Inc., and the complaint therein sought damages for pain, suffering and economic loss in the form of medical and hospital expenses and loss of earnings. Thus, the settlement of that action was within subdivision 2 of section 673 of the Insurance Law and plaintiff’s lien attached to the settlement despite the contention to the contrary that the settlement did not include economic loss. The settlement disposed of the causes of action alleged in the complaint.
The cross motion of defendants Jackowe is denied. The motion and cross motion of defendant General Tire & Rubber Co., Inc., for summary judgment are granted.
*245 The clerk is directed to permit plaintiff to enter judgment against defendants Jackowe in the amount of $107,899.14.
The complaint, as it relates to defendant General Tire & Rubber Co., Inc., is dismissed.